DocuSign Envelope ID: ED447DED-5C90-4613-9542-9D76948A1F24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUSTIN DESIGN INC.,<br><br>            Plaintiff,<br><br>            v.<br><br>THE TOPPS COMPANY, INC. and JOHN DOES 1-100,<br><br>            Defendants. | Case No. 1:20-cv-2020-VJB-SN<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER** |

VERNON S. BRODERICK, U.S.D.J.:

      WHEREAS, defendant The Topps Company, Inc. ("Topps" or "Defendant") requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that the parties may need to disclose in connection with discovery in this action; and

      WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Order including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order will adhere to the following terms, upon pain of contempt:

      1.     With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (collectively, "Protected Information") pursuant

to this Order, no person subject to this Order may disclose such Protected Information to anyone except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential or Highly Confidential - Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) that, if disclosed, would materially affect the party's or protected person's privacy obligations or policies, business, commercial, financial or personal interests, including, without limitation, documents or information that contain: (a) Plaintiff's, Defendant's, or the Producing Party's own trade secrets, (b) information relating to Plaintiff's, Defendant's, or the Producing Party's business practices, including product or concept development and (c) financial information relating to the business of Plaintiff, Defendant, or the Producing Party.

3. With respect to the Protected Information portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information

Governed by Protective Order," or "Highly Confidential - Attorneys' Eyes Only Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," or "Highly Confidential - Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential - Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential - Attorneys' Eyes Only in accordance with this Order.

6. If it comes to a Producing Party's attention that the information or items that it designated for protection no longer qualify for protection, such Producing Party must promptly notify all other Parties that it is withdrawing the designation.

7. Nothing contained in this Order will be construed as: (a) a waiver of any person's right to object to any discovery request; (b) a waiver of any privilege or protection by any person or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

8. Pursuant to Fed. R. Evid. 502(d), any party's production of documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this or any other

proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

9. Should any party inadvertently produce a document that such party later claims should not have been produced because of privilege, such party may request the return or destruction of any such document within ten (10) business days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number or other means sufficient to identify it with particularity, the privilege asserted, the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work-product immunity doctrine, or any other applicable privilege or immunity and the date of discovery that the document was inadvertently produced. If the producing party requests the return of any document pursuant to this paragraph, and the receiving party does not contest the claim, the party to whom the request is made shall within five (5) business days return or destroy all copies of the document within its possession, custody or control, and shall make reasonable effort to obtain the return or destruction of all copies in the possession of experts, consultants or other persons herein to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the producing party shall substitute a redacted version of the document at the time of making the request for return or destruction of the inadvertently produced document. In the event the receiving party contests the claim of privilege, the parties shall meet and confer. Absent resolution, the producing party shall file a motion within ten (10) business days after the meet and confer to obtain a Court determination as to whether or not the document is privileged. If the receiving party contests the claim of privilege, the document shall be treated as privileged

by the receiving party and all other persons to whom the document was provided until such time as there is a final Court order on the motion claiming the privilege. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the parties hereto, counsel for the parties (including in-house counsel), and employees of such counsel to whom it is necessary that the Confidential Discovery Material be shown for purposes of this dispute;

    b. the parties' insurers and counsel to their insurers;

    c. persons who wrote, created or received the Confidential Discovery Material (and such persons' counsel);

    d. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    e. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in substantially the same form as set forth in Exhibit 1 hereto;

    f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in substantially the same form as set forth in Exhibit 1 hereto;

    g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in substantially the same form as set forth in Exhibit 1 hereto;

  h. stenographers engaged to transcribe the Parties conduct in this action; and

  i. this Court, including any appellate court, its support personnel and court reporters.

10. The Highly Confidential - Attorneys' Eyes Only designation is reserved for those circumstances where the producing party believes that any documents, things, or information contains confidential information of a highly sensitive nature, and the producing party has a good faith belief that, notwithstanding the terms of this Order, disclosure of such information would cause the receiving party to obtain a business (not legal) advantage over the producing party. Documents, information, or things designated Highly Confidential - Attorneys' Eyes Only shall not be disclosed to the persons identified in Paragraphs 8(a) (except for counsel and in-house counsel) and 8(f),.

11. Before disclosing any Protected Information to any person referred to in subparagraphs 8(e), 8(f) or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in substantially the same form as set forth in Exhibit 1 hereto, stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of this case, whichever comes first.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential - Attorneys' Eyes Only.

13. In filing Protected Information with this Court, or filing portions of any pleadings, motions or other papers that disclose such Protected Information ("Confidential Court Submission"), a Party shall follow the Southern District of New York Electronic Case Filing Rules and Procedures for filing a motion to file documents under seal.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the objecting Party will address the dispute to this Court by letter motion pursuant to Local Civil Rule 37.2. The burden of persuasion in any such proceeding shall be on the Objecting Party.

14. Notwithstanding anything to the contrary, documents previously produced by the Parties as "Confidential" or "Attorney's Eyes Only" pursuant to the Parties' July 17, 2019 Non-Disclosure Agreement shall retain such status as if produced with the designations "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Order. The Parties retain all rights under this Order, including the ability to object to the designations.

15. Recipients of Protected Information under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Protected Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such

Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential - Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action including all appeals all recipients of Protected Information must either return it including all copies thereof to the Producing Party, or, upon permission of the Producing Party, destroy such material including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Information is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Except as set forth in Paragraph 14, this Order supersedes the Parties' July 17, 2019 Non-Disclosure Agreement, and all documents subsequently produced by the Parties shall conform to this Order.

AGREED TO:

_____  7/22/2020
John Austin            Date
CEO of Austin Design, Inc.

_____  7/23/2020
Karen Kreider Gaunt (pro hac vice)   Date
Govinda M. Davis
Allison G. Knerr (pro hac vice)
Liane H. Rousseau (pro hac vice)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
karen.gaunt@dinsmore.com
govinda.davis@dinsmore.com
allison.knerr@dinsmore.com
liane.rousseau@dinsmore.com
Tel.: (513) 977-8563
Fax: (513) 977-8141

*Counsel for Plaintiff Austin Design*

*Jason Thaler*  7/30/2020
Jason Thaler            Date
General Counsel, The Topps Company, Inc.

R. Wa~  8/3/2020
Robert M. Wasnofski, Jr.   Date
Mary Kate Brennan
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6922
marykate.brennan@dentons.com
robert.wasnofski@dentons.com

Natalie J. Spears (pro hac vice)
Jacqueline A. Giannini (pro hac vice)
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
Tel: (312) 876-2556
natalie.spears@dentons.com
jacqui.giannini@dentons.com

*Attorneys for Defendant The Topps Company, Inc.*

Dated: ~~July~~ August 20, 2020
New York, New York

**SO ORDERED.**

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

EXHIBIT 1:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUSTIN DESIGN INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TOPPS COMPANY, INC. and JOHN DOES 1-100, <br><br> Defendants. | Case No. 1:20-cv-2020-VJB-SN <br><br> NON-DISCLOSURE AGREEMENT |

I, _____ , acknowledge that I have read and understand the Protective Order in this action entitled *Austin Design Inc. v. The Topps Company, Inc. et al.*, 1:20-cv-02020-VSB-SN (SDNY), governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery material to anyone other than those authorized to receive such material under the Protective Order and only for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.